(No. 29279.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* R. L. FRITZ, Plaintiff in Error.

*Opinion filed March 20, 1946*

R. L. Fritz, *pro se.*

George F. Barrett, Attorney General, and Thomas Sweeney, State's Attorney, of Taylorville, for the People.

Mr. Justice Fulton delivered the opinion of the court:

Plaintiff in error, R. L. Fritz, was convicted of the crime of forgery in the circuit court of Christian county on September 5, 1941, and sentenced to the Illinois State Penitentiary for an indeterminate term of not less than one year and until discharged by due process of law. The sentence imposed by the court contained a recommendation as to the minimum and maximum term of imprisonment under the provisions of the 1941 amendment to the Sentence and Parol Act as follows: "And it is the recommendation of the court that this defendant, having been heretofore convicted under the provisions of the Dyer Act, in the U. S. District Court for the Eastern District of Louisiana, be confined in said Illinois State Penitentiary for a minimum term of seven years and that the maximum term shall be 14 years."

He has sued a writ of error out of this court and assigns error on the judgment. He presents only a common-law record consisting of a copy of the indictment and the judgment order.

He first asserts that his conviction was erroneous because it contained an advisory recommendation of sentence under the 1941 amendment to the Sentence and Parole Act of 1941. Such amendment has been held unconstitutional by this court. (*People* v. *Montana,* 380 Ill. 596.) The

Attorney General confesses error in the imposition of such sentence and admits it should be corrected.

Plaintiff in error next contends that the advisory sentence of not less than seven years with a maximum limit of fourteen years is excessive and constitutes double jeopardy, because of the reference to his former conviction in a Federal court. No bill of exceptions has been presented to show what testimony was offered and admitted in the trial court. He is not now in a position to complain of the ruling of the court in imposing a sentence which the law fully authorized. There is no question of double jeopardy involved, because the crime mentioned was for a distinct and separate offense followed by an indictment in a Federal court.

The last contention of the defendant is that because the last line of the judgment order recited the following: "It is further ordered by the court that this cause be and the same is hereby stricken," the case was finally eliminated from the records of the court and his imprisonment is therefore illegal and void. To so interpret the court's judgment order would be a distortion, indeed.

In this case an indictment had been lawfully returned, a trial held, a verdict of guilty rendered, and sentence was imposed according to law. In writing up the record the language complained of was merely a manner of stating the cause was closed so far as that court was concerned, and not intended, nor did it have the effect, in any manner of voiding the judgment of the court.

The only material error found in the record was the inclusion of the advisory recommendation by the trial court under the much-discussed 1941 amendment to the Sentence and Parole Act, and the judgment is reversed and the cause remanded to the circuit court of Christian county solely for the purpose of entering, and with instructions to enter, a proper sentence in conformity with law.

*Reversed and remanded, with directions.*